### In re RIDER.

(District Court, N. D. New York. October 6, 1899.)

1. BANKRUPTCY—COMPOSITIONS—CONSTRUCTION OF STATUTE.

The provisions of the bankruptcy act prescribing the requisites of a composition with creditors are to be strictly construed as against those who seek by this means to deprive nonassenting creditors of their right to have the debtor's property administered upon and distributed in the ordinary course of bankruptcy proceedings.

2. SAME—REQUISITES OF COMPOSITION.

Under Bankruptcy Act 1898, § 12, a composition, to be valid, must have been offered by the bankrupt to all of his creditors, whether or not they have proved their debts at the time of the offer, and all must have a reasonable opportunity to consider it, and thereafter it must be accepted by a majority in number and amount of all creditors whose claims have then been allowed.

3. SAME.

Where a bankrupt, at the first meeting of his creditors, offered a composition to certain of the creditors whose debts had been allowed at that meeting and procured their acceptance of it, and the accepting creditors were a majority in number and value of those whose claims had been allowed at the time they accepted, but not a majority of those whose claims had been allowed at the time of the hearing on the question of confirming the composition, and there was no general notice to creditors of the terms of the proposed composition, *held*, that the composition should not be confirmed.

4. SAME—DEPOSIT OF COSTS.

The court will not confirm a composition offered by a bankrupt to his creditors where the money deposited by him to cover the cost of the proceedings is not sufficient in amount.

### In Bankruptcy.    On motion to confirm composition.

At the argument it was conceded that the accepting creditors did not represent a majority in number and amount of all the creditors whose claims have been allowed, but only such a majority of those whose claims were allowed at the first meeting of creditors. At the date of the argument, September 19th, not less than 30 creditors had proved their debts aggregating $8,554, and but 12 or 13 creditors representing $4,210 had signed the composition agreement.

The claims of Holmes Rider, the father of the bankrupt, for $2,600, and of his mother-in-law for $446, are included in the above amount of $4,210. The referee, who has made a most careful and exhaustive return upon the law and facts, reports as follows: "At that session of April 15th the bankrupt was examined by his creditors. * * * After such examination and partly during the session of the meeting, but not as a part of the proceedings thereof, the bankrupt presented the proposed written composition herein to 11 of the 15 creditors in attendance, whose claims aggregated $3,745.44 of the $4,089.02 proved and allowed at that time, all of whom accepted the composition in writing at that time and place by instrument dated that day." It does not appear that the paper was presented to the remaining four creditors who had proved their debts. It was not presented to the general creditors at all and they had no formal information that a composition was on foot, except the notice that it would be presented to the court for confirmation. The composition proposed was to pay 30 per cent., one-third in cash, one-third in four months and one-third in six months. The deferred payments were to be evidenced by the notes of the bankrupt indorsed by his father. There is a marked dispute as to the value of the bankrupt's estate, the contesting creditors insisting that it will pay much more than 30 per cent. The referee recognizes the possibility that this contention is well founded, but is of the opinion "that if the composition could be paid wholly in cash and without any part thereof being deferred, the creditors will realize more from a confirmation thereof than they will to have the estate administered in bankruptcy." Owing to the long delay occasioned by the contest the notes originally deposited are not now available as some of them have already become due. The amount deposited by the bankrupt for costs is also inadequate. The financial responsibility of Holmes Rider is assailed, but the referee finds that he is worth from $7,000 to $8,000 over and above his present liabilities.

Isaac S. Signor and Thomas A. Kirby, for bankrupt.

Frank J. Hone, for objecting creditors.

COXE, District Judge (after stating the facts as above). The effect of a composition is to supersede the bankruptcy proceedings and reinvest the bankrupt with all his property free from the claims of creditors. As an abstract proposition, considered for a moment apart from the provisions of the statute, it is entirely clear that a condition so plainly in derogation of common-law rights should not be permitted, unless it is reasonably certain that the creditors approve and that they will fare at least as well as they would were the estate administered in the usual course. It would be manifestly unfair and opposed to the basic principle of our institutions to permit a minority to dictate terms to a majority and compel them, in invitum, to take what the bankrupt chooses to offer, or nothing. Indeed, it has been considered a somewhat dangerous exercise of legislative power to compel even a minority to surrender all claim upon the debtor's estate at the dictation of the majority. Certainly no previous law has permitted a minority to force a compromise. Always the safeguard of a majority against favoritism and fraud has been preserved. The amendment of 1874 to the law of 1867 provides that "such resolution shall, to be operative, have been passed by a majority in number and three-fourths in value of the creditors of the debtor assembled at such meeting, and shall be confirmed by the signatures thereto of the debtor and two-thirds in number and one-half in value of all the creditors of the debtor." 18 Stat. 183, c. 390, § 17. A law which compels a creditor, against his will, to accept in discharge of his debt just what the debtor sees

fit to offer, should be strictly construed.     Loveland, Bankr. p. 549; In re Shields, Fed. Cas. No. 12,784.

The present law should be construed in the light of similar prior enactments and any doubt should be resolved against those who seek to deprive creditors of the right to have the debtor's property applied to the payment of his debts.    Nothing short of an absolutely plain and unambiguous provision will convince the court that congress intended for the first time, it is thought, in the history of bankruptcy legislation to vest such unusual and dictatorial powers . with a minority of the creditors.    It may be assumed that the language of section 12 is not as perspicuous as could be desired, but, read as a whole, the intention of congress seems plain to permit a compromise only when sanctioned by a majority in number and amount of the creditors whose claims have been allowed, after due notice to them of the bankrupt's proposition.    If the construction contended for by the bankrupt be accepted it will lead to most inequitable results. Take, for illustration, a case where there are thirty creditors and only three have proved their debts, for equal amounts, at the time the composition is offered.    If the bankrupt obtains the consent of two of them the composition must be confirmed, although the remaining twenty-eight creditors may be in open opposition.

Section 12 is easily capable of a construction compatible with the intent and purpose which has always ruled proceedings of this kind. After the bankrupt has been examined and filed a list of his creditors he "may offer terms of composition to his creditors."    This plainly implies that the offer should be made to all his creditors whether they have proved their debts or not.    It is not essential that proofs shall be made before, or at, the first meeting.    They may be made at any time within a year after the adjudication and it is not necessary that they shall be filed, in the first instance, with the referee.    Section 57, c. n.

After the terms are thus made known to all the creditors they have a reasonable time to decide whether they will accept the offer or not. But in order to qualify themselves to vote upon the proposition they are required to prove their claims.    The reason for this is obvious; it excludes from the voting all but bona fide creditors; it excludes all those who are too indifferent to present their claims and all whose claims are unliquidated, fictitious or exorbitant; it gives all creditors notice no matter what may be the nature of their claims and permits them to qualify, if they desire to do so, and assent to the compromise or oppose it, or, if they so elect, they may simply withhold their assent.    After a fair opportunity has been given to all and the requisite majority of. those whose claims have been allowed have accepted it in writing an application to confirm the composition may be filed.    Even then the composition may be rejected if the judge be convinced that it is not for the best interests of the creditors.

A construction which permits the bankrupt to select a time when but few creditors have proved and then to present his terms only to such creditors as he believes to be friendly to his interests, keeping the general creditors in the dark until he has obtained a majority of

the few who have proved, is contrary to the intent and spirit of the law. It would enable a few active and friendly creditors on the spot so to manipulate the proceedings that the necessary majority could be secured while distant creditors were wholly ignorant of the proposed settlement. That the supreme court entertain views similar to the foregoing may be inferred from form No. 60 (18 Sup. Ct. xlvi.), adopted pursuant to general order 38 (Id. x.).

Without pursuing the subject further the court is constrained to deny the application to confirm this composition. The reasons for this conclusion may be briefly stated as follows:

First. It is not approved by a majority in number and amount of creditors whose claims have been allowed.

Second. No notice was given to the general creditors of the bankrupt.

Third. The composition was not presented to all the creditors whose claims were allowed.

Fourth. At the present time the consideration deposited is not in form to be distributed.

Fifth. The amount deposited as costs is inadequate.

Motion denied.