In re HILBORN.

(District Court, S. D. New York. November 17, 1900.)

1. BANKRUPTCY—OFFER OF COMPOSITION—NOTICE.
    Under Bankr. Act 1898, the calling of a special meeting of creditors to receive an offer of composition is not required, and a submission of such offer to the creditors at their first meeting after an examination of the bankrupt is competent and sufficient; such submission being within the terms of the notice prescribed, which states that the purpose of the meeting embraces the transaction of "such other business as may properly come before said meeting."

2. SAME—DUTIES OF REFEREE.
    In view of the provision of Bankr. Act 1898, § 38a, subd. 4, which excepts from the referee's authority questions arising out of applications for compositions, the proper practice is for a referee, when requested, in accordance with a rule of court, to appoint a day for bringing the composition before the court, and to issue the required notices to creditors, suggesting in his report any legal questions arising upon the composition papers.

In Bankruptcy.

Lewenson, Kohler & Schattman, for bankrupt.

BROWN, District Judge. The question presented on this motion is whether the bankrupt's initial offer of "terms of composition to his creditors" pursuant to section 12, can only be made at a special meeting of creditors called for that purpose, or whether it may properly be made at the first regularly called meeting of creditors after the examination of the bankrupt has been completed. The facts are as follows:

The bankrupt was adjudicated on his own petition on October 1, 1900. His scheduled debts amount to about $54,000. The first meeting of creditors was held before the referee in charge on October 30th on the usual notice to all creditors. Claims to the amount of $30,000 were proved; the examination of the bankrupt was had and completed; and thereupon he submitted to the meeting an offer of compromise in writing, verified before the referee, and offering a composition of 65 per cent., namely, 25 per cent in cash, and the rest in indorsed notes. A resolution was put by the referee, as appears from the stenographer's notes, in the following words:

"A motion is duly made and seconded that it is the sense of the meeting that said composition is acceptable to the creditors here represented; that it is the best interests of the creditors to accept the offer. The motion was carried unanimously."

During the 10 days following, the bankrupt, according to the affidavits submitted, deposited the requisite cash and the notes, and procured acceptances of creditors to the amount of $40,000, being a great majority of the creditors in number and amount; and thereupon on the 9th day of November he filed with the referee a petition, addressed to the district judge, stating the above facts and praying for a confirmation of the composition. The referee was thereupon requested to fix a day, in accordance with rule 11 of this court, on which the application for a confirmation of the composition might be heard before the judge, and to issue notices for the hearing to creditors, pur-

suant to section 58 (2) and section 39 (4). The referee deferred action, doubting the sufficiency of the previous offer to creditors, in consequence of the language of Judge Coxe in the Case of Rider (D. C.) 3 Am. Bankr. Rep. 178, 96 Fed. 808, 810, in which, referring to section 12, he says that "the offer should be made to all his creditors whether they have proved their debts or not." The question has accordingly been submitted to this court.

The facts in the Case of Rider were quite different from the present. In the report of that case it is stated that at the meeting of creditors, after the examination of the bankrupt and "partly during the session of the meeting, but not as a part of the proceedings thereof, the bankrupt presented the proposed written composition herein to 11 of the 15 creditors in attendance. * * * It does not appear that the paper was presented to the remaining 4 creditors who had proved their debts. It was not presented to the general creditors at all." The acceptance of the offer also in that case was only by a majority in number and amount of the creditors who had proved their claims, and much less than a majority of the creditors.

In the present case the offer of compromise was made to the meeting as such. It was a part of the proceedings of the meeting; and it was resolved that the acceptance of the composition was for the interest of the creditors. The point here raised was not presented for decision in the Case of Rider, nor did Judge Coxe decide that an offer presented at the first meeting of creditors could not be deemed an offer made to all the creditors; since it is expressly found in that case that the offer was not made to the meeting, nor to all the creditors present.

Under the amendment of 1874 to the bankruptcy act of 1867 (18 Stat. 183, c. 390, § 17) a meeting of creditors was required to be called to consider any offer of compromise proposed by the bankrupt. The mode of proceeding under that section was altogether different from that contemplated by section 12 of the present act. Under the former act, the proceeding for a compromise might be initiated not only before any examination of the bankrupt or schedules filed, but even before adjudication; so that creditors when the offer was thus made, might have no knowledge of the actual condition of the bankrupt's affairs. As it was essential that provision should be made for an examination of the bankrupt, if desired, under such circumstances it was necessary that a meeting should be called at which the debtor might be examined, or a full statement of his affairs secured in order that the creditors might have sufficient information to act intelligently upon the offer, since such information could not otherwise be obtained. It is evident that the mode of proceeding under the present act was made intentionally different, since section 12 expressly prohibits any offer of compromise until "after an examination of the bankrupt in open court, or at a meeting of his creditors." When such a meeting is held and the bankrupt's examination is concluded, the object of the special meeting of creditors required by the former act is presumptively secured; and, accordingly, no special meeting merely to receive an offer of compromise is anywhere required by the present act, but only notice of a hear-

ing before the judge on the question of confirmation. Section 58a (2). After the acceptance of the composition by a majority of creditors in number and amount, the provision for notice to all creditors of the application to confirm it, gives full opportunity to all for examination, objection, consultation and hearing thereon. I see no sufficient reason, therefore, for adding to the act a requirement which it nowhere contains, to call a new meeting merely to receive the offer, when this would serve only to delay the proceeding and add to the expense. The notice issued for the first meeting states that it is called in order that creditors "may attend, prove their claims, appoint a trustee, examine the bankrupt and transact such other business as may properly come before said meeting." After the examination of the bankrupt at such a meeting, the consideration of an offer of a compromise is by section 12 immediately in order, if the bankrupt desires to make such an offer to his creditors, and it is embraced in "such other business as may properly come before said meeting," within the terms of the previous notice, in the absence of a requirement of any special call or special notice on that subject. Section 58a states in eight separate subdivisions the objects for which special meetings of creditors are required to be called, and this is not among them. In view of section 17 of the act of 1874, and of the obvious deliberate change in the mode of procedure as to compositions adopted by the present act, the omission of the requirement of a special meeting to receive an offer of compromise must be deemed intentional, and no longer required. Section 56a further provides that "creditors shall pass upon matters submitted to them at their meeting by a majority vote in number and amount," thus recognizing that matters other than a choice of a trustee may be submitted for their consideration. The offer being thus properly submitted to a meeting of creditors, regularly called, is in law a submission to all the creditors under sections 12 and 56, if an initial submission of the offer to all is necessary; and it was competent and proper for the creditors, therefore, after the examination of the bankrupt, to pass, if they desired, such a resolution as was passed at this meeting as a part of its proceedings, expressing their opinion that the composition offered was desirable and in the interest of creditors.

Mr. Collier in annotating the Case of Rider, 3 Am. Bankr. Rep. 178, 179, 96 Fed. 808, intimates that a private circulation of an offer among the creditors so far as to obtain a majority in number and amount, might be a sufficient offer to creditors. It is not necessary to consider that question here. Form 60 (32 C. C. A. lxxxii., 89 Fed. lviii.), drawn from the practice under the act of 1867, with a notice for a meeting of creditors, no doubt furnishes an easy, convenient and desirable method of presenting an offer of compromise to all the creditors, when they are numerous or widely scattered, and the offer has not been previously presented at any regular meeting; but there is nothing either in the present act or in the general orders of the supreme court analogous to general order 36 (18 Sup. Ct. ix.) under the act of 1874, that makes this course obligatory; and forms 61 and 62.(32 C. C. A. lxxxiii., 89 Fed. lix.), though reciting the pre-

liminary conditions for the application and confirmation of the composition, make no reference to any special meeting to consider the original offer.

I am of the opinion, therefore, that a submission of the bankrupt's offer of composition to the creditors at their first meeting after an examination of the bankrupt, is competent and sufficient under the present act. I may add that under the provision of section 38a (4) excepting from the referee's authority "questions arising out of the applications of bankrupts for compositions or. discharges," I think that whenever composition papers stating a general conformity to the rules are presented to the referee for the purpose of bringing the composition before the judge for confirmation, and legal questions arise thereon, the better practice would be for the referee to appoint the day and issue the required notices to creditors, if requested to do so, in accordance with rule 11 of this court, suggesting, however, in his report to the judge his doubts, if any, as to the regularity or propriety of the mode of procedure adopted.