In re MESSENGILL.

(District Court, E. D. North Carolina. January 27, 1902.)

BANKRUPTCY—COMPOSITION—ACCEPTANCE—MAJORITY OF CREDITORS—DETERMINATION.

Bankruptcy Act, § 12, declares that an application for the confirmation of a composition may be filed in a court of bankruptcy after it has been accepted by a majority in number of all creditors whose claims have been allowed, etc. *Held* that, in determining whether a majority have accepted an offer of composition, an assignee of a large number of claims should be counted as one creditor only, and not as the number of creditors who have assigned claims to him.

In Bankruptcy.

Clifford & McLean, for bankrupt.

PURNELL, District Judge. The referee for the Fourth division of the district certifies the following as having arisen in the course of the proceedings to consider a proposition of composition pertinent to the proceedings. The facts are certified that the creditor purchased several claims after the debts had been allowed. No pleadings or evidence accompany the referee's certificate. The question for consideration is thus stated:

"In determining whether or not a majority of the creditors, whose claims represent a majority of the indebtedness of this estate in bankruptcy, have-

signified their agreement in writing to accept 30 % offer of composition, should E. F. Young, to whom a large number of creditors have sold their claims, be counted as one creditor, or as the number who have assigned claims to him? The referee holds that he should be counted as one creditor, and the bankrupt excepted and appealed to the district judge. And the said question is certified to the judge for his opinion thereon."

The foregoing decision of the referee is affirmed. Section 12, Bankruptcy Act, should be strictly construed. In re Rider, 96 Fed. 808, 3 Am. Bankr. R. 178. Where a claim has been assigned after proof, the real owner alone can vote. In re Frank, Fed. Cas. No. 5,050; Loveland, Bankr. § 105. He is one creditor, holding several claims.

This question does not come up in the form required by section 18, cl. c, of the bankruptcy act, which requires all pleadings raising questions of fact to be verified. It is passed upon, but this action must not be taken as evidence the court is inadvertent to, or will not enforce, the provisions of the statute in this respect. Attention of referees is especially called to the statute.