## In re FREAR.

### (District Court, N. D. New York. March 20, 1903.)

1. BANKRUPTCY—IRREGULAR COMPOSITION—CONFIRMATION.

In a composition offered by a bankrupt, the consideration for the payment of priority claims and costs consisted in part of notes and merchandise, instead of money, as required by Bankr. Act 1898, § 12, subd. "b," 30 Stat. 549 [U. S. Comp. St. p. 3427]. The money, etc., was not deposited in a place designated by the judge, or subject to his order, as required by the same subdivision. The consideration had already been distributed under the order of a referee, contrary to subdivision "e," 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], providing that upon the confirmation the consideration shall be distributed as the judge shall direct; section 1, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419], providing that "judge" means a judge of a court of bankruptcy, not including the referee. Held, that the composition would not be confirmed, though the application was not opposed.

2. SAME—LIMITATION ON POWER TO CONFIRM.

Bankr. Act 1898, § 2, subd. 9, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3421], giving the court power to "confirm or reject compositions between debtors and their creditors, and set aside compositions and reinstate the cases," does not give the court power to confirm an irregular composition; such power being limited by section 12, specifying what compositions may be confirmed.

This is a motion for an order confirming a composition offered by the bankrupt, and, it is alleged, accepted by a majority in number of all creditors whose claims were allowed, and which number, it is claimed, represent a majority in amount of such claims.

R. W. Meeker, for the motion.

RAY, District Judge. While no one appears to oppose the motion, the question arises on the face of the papers whether the court has power and ought to make an order confirming the composition. After adjudication the bankrupt appeared and submitted to an examination at a meeting of his creditors, and filed in court a schedule of his property and list of his creditors required to be filed by a bankrupt, and then offered, in writing, a composition as follows (so says the referee's report):

"To pay twenty-five per cent. upon all unsecured debts, not entitled to priority, in satisfaction of his debts, as provided by the acts of Congress relating to bankruptcy." Said "creditors present * * * whose claims had been theretofore filed and allowed—said creditors representing a majority in number and amount of all claims theretofore filed and allowed—formally accepted said offer in writing."

The report then says:

"Said offer having been duly accepted, said bankrupt delivered to the undersigned referee the consideration to be paid by him to his creditors, and the money necessary to pay all debts which had priority, and the costs of the proceedings. Said consideration consisted of, first, written receipts from certain creditors, acknowledging payment of twenty-five (25) per cent. compromise by note or merchandise; and, second, one thousand seventy-three dollars and sixty-one cents ($1,073.61)."

The referee thereupon filed said receipts with the papers in said proceeding, and deposited said sum of $1,073.61 to his order as referee in bankruptcy "In Re John M. Frear, Bankrupt, in the First Na-

tional Bank of Binghamton, N. Y., the official depository of said court in Broome county."

The referee then goes on to state that he subsequently paid off by checks drawn on such fund the expenses, and the creditors who had theretofore filed claims, "with the exception of such creditors as had theretofore filed receipts mentioned in paragraph four (4), above"; paragraph 4 being that part of the report stating that certain creditors had filed receipts agreeing to accept payment in notes or merchandise. The referee further states that there remains on hand in the First National Bank of Binghamton, N. Y., the sum of $50.70, which should be returned to the bankrupt.

Section 12 of the act of July 1, 1898, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426], "An act to establish a uniform system of bankruptcy throughout the United States," contains the provisions of the law regarding compositions, and provides as follows:

"Sec. 12. Compositions—When Confirmed. (a) A bankrupt may offer terms of composition to his creditors after, but not before, he has been examined in open court or at a meeting of his creditors and filed in court the schedule of his property and list of his creditors, required to be filed by bankrupts. (b) An application for the confirmation of a composition may be filed in the court of bankruptcy after, but not before, it has been accepted in writing by a majority in number of all creditors whose claims have been allowed, which number must represent a majority in amount of such claims, and the consideration to be paid by the bankrupt to his creditors, and the money necessary to pay all debts which have priority and the cost of the proceedings, have been deposited in such place as shall be designated by and subject to the order of the judge. (c) A date and place, with reference to the convenience of the parties in interest, shall be fixed for the hearing upon each application for the confirmation of a composition, and such objections as may be made to its confirmation. (d) The judge shall confirm a composition if satisfied that (1) it is for the best interests of the creditors; (2) the bankrupt has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to his discharge; and (3) the offer and its acceptance are in good faith and have not been made or procured except as herein provided, or by any means, promises, or acts herein forbidden. (e) Upon the confirmation of a composition, the consideration shall be distributed as the judge shall direct, and the case dismissed. Whenever a composition is not confirmed, the estate shall be administered in bankruptcy as herein provided."

Section 1 (30 Stat. 544 [U. S. Comp. St. 1901, p. 3419]) of said act, defining the "meaning of words and phrases," says, "Judge shall mean a judge of a court of bankruptcy not including the referee."

It will be observed that subdivision "b" of section 12 specifically provides that:

"An application for the confirmation of a composition may be filed in the court of bankruptcy after, but not before, * * * the money necessary to pay all debts which have priority and the costs of the proceeding, have been deposited in such place as shall be designated by and subject to the order of the judge. * * * (d) The judge shall confirm a composition if satisfied that * * * the offer and its acceptance are in good faith and have not been made or procured except as herein provided. * * * (e) Upon the confirmation of a composition the consideration shall be distributed as the judge shall direct, and the case dismissed. Whenever a composition is not confirmed the estate shall be administered in bankruptcy as herein provided."

It will be observed that there has been no compliance with the law. The parties and referee have adopted a mode of composition and

procedure utterly at variance with the law, and now ask the court to approve and confirm it. The proceeding adopted and followed is not sanctioned by the law, and neither the court nor the judge has power to confirm it.

Promises to pay money or merchandise at a future day have been substituted for money; the money, etc., were not deposited in a place designated by the judge, or subject to his order; the offer and its acceptance were procured in violation of the provisions of the law; and, finally, if the judge or court should confirm the composition, so called, it would be impossible to comply with subdivision "e" of section 12, which says, "Upon the confirmation of a composition the consideration shall be distributed as the judge shall direct." The consideration has never been subject to the order of the judge, and has been already distributed, so far as paid in, pursuant to the order of a referee who had no power or jurisdiction in the premises whatever, and whose acts were those of an individual, merely. This court has no power to ratify or confirm such a proceeding, and cannot put its seal of approval thereon. The statute was made to be observed and complied with, and only when there has been a substantial compliance therewith will the judge or court approve and confirm the proceedings. These matters of noncompliance are not technical, but go to the very pith and marrow of the law and objects to be attained. If this proceeding is confirmed or approved, the court or judge will necessarily be compelled in the future to approve any manner or mode of composition to which creditors may not object. No significance can be attached to the fact that no creditor opposes this application. It is not probable that they have employed an attorney, or know of their rights in the matter. But silence or acquiescence on the part of the creditors and their attorneys gives no excuse for the judge or court to violate the statute, or substitute an unauthorized and illegal proceeding for the one provided by law. Such silence confers no jurisdiction. Jurisdiction to confirm this socalled composition could not be conferred by the express consent of all the creditors. The bankrupt is not aided by subdivision 9 of section 2 of the act, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3421]. That section creates the courts of bankruptcy, and defines their jurisdiction. The court has power to "confirm or reject compositions between debtors and their creditors, and set aside compositions and reinstate the cases." This power is limited by section 12 (In re Rudwick, 2 Am. Bankr. R. 114, 93 Fed. 787); and compositions recognized and specified in section 12 only may be confirmed by the court or judge. Other settlements and compromises and so-called compositions are not cognizable by the court or judge, except when they are brought in question in a proper manner, or interfere with the due administration of the bankrupt estate according to law. In such cases the court or judge would be called upon to declare their illegality. The provisions of the law as to compositions are to be strictly construed. In re Martin H. Rider, 3 Am. Bankr. R. 178, 90 Fed. 808. The offer of composition must be presented to all of the creditors of the bankrupt, whether or not they have proved their claims. In re Rider, 3 Am. Bankr. R. 178, 90 Fed. 808. There is no proof that this was

done.  Indeed, the fair inference from the referee's report is that it was not done.  Notice by mail and by publication of motion to confirm was given.  But this is not a presentation of the offer of compromise.  The general creditors who do not appear at the first meeting have the right to assume that the estate will be administered in the regular way.

The opinion of Coxe, J. (now Circuit Judge) is so clear and convincing, not only that this must be done, but that the act, so far as it relates to compositions, is to be strictly construed and followed, that nothing more need be said.  It is well to quote:

"A law which compels a creditor, against his will, to accept in discharge of his debt just what the debtor sees fit to offer, should be strictly construed. Loveland, Bankr. p. 549; In re Shields, Fed. Cas. No. 12,784.  The present law should be construed in the light of similar prior enactments, and any doubts should be resolved against those who seek to deprive creditors of the right to have the debtor's property applied to the payment of his debts. Nothing short of an absolutely plain and unambiguous provision will convince the court that Congress intended for the first time, it is thought, in the history of bankruptcy legislation, to vest such unusual and dictatorial powers with a minority of the creditors.  It may be assumed that the language of section 12 [30 Stat. 549; U. S. Comp. St. 1901, p. 3426] is not as perspicuous as could be desired, but, read as a whole, the intention of Congress seems plain to permit a compromise only when sanctioned by a majority in number and amount of the creditors whose claims have been allowed, after due notice to them of the bankrupt's proposition.  If the construction contended for by the bankrupt be accepted, it will lead to most inequitable results.  Take, for illustration, a case where there are thirty creditors, and only three have proved their debts, for equal amounts, at the time the composition is offered.  If the bankrupt obtains the consent of two of them, the composition must be confirmed, although the remaining twenty-eight creditors may be in open opposition.  Section 12 [30 Stat. 549; U. S. Comp. St. 1901, p. 3426] is easily capable of a construction compatible with the intent and purpose which has always ruled proceedings of this kind. After the bankrupt has been examined and filed a list of his creditors he 'may offer terms of composition to his creditors.'  This plainly implies that the offer should be made to all his creditors, whether they have proved their debts or not.  It is not essential that proofs shall be made before or at the first meeting.  They may be made at any time within a year after the adjudication, and it is not necessary that they shall be filed in the first instance with the referee.  Section 57, cl. 'n' [30 Stat. 561; U. S. Comp. St. 1901, p. 3444]."

But see In re Hillborn, 4 Am. Bankr. R. 741, 104 Fed. 866.

So far as found, no written offer or acceptance is on file.  It follows that the motion to confirm this composition must be denied. It is so ordered.