In re GODWIN.

(District Court, E. D. Pennsylvania. March 25, 1903.)

No. 1,472.

1. BANKRUPTCY—COMPOSITION—CONFIRMATION.
　　Under Bankr. Act July 1, 1898, c. 541, § 12, cl. "d" [U. S. Comp. St. 1901, p. 3427], authorizing the confirmation of a composition between a bankrupt and his creditors, if the bankrupt has not been guilty of any of the acts, or failed to perform any of the duties, which would be a bar to his discharge, where it appears that the bankrupt had destroyed, concealed, or failed to keep books of account or records from which his true condition might be ascertained, with the fraudulent intent to conceal his true financial condition or in contemplation of bankruptcy, as prohibited by section 14, cl. "b," a composition will not be confirmed on objection, without regard to whether the creditors would be benefited thereby, or that a majority of the creditors are in favor of accepting the same.

In Bankruptcy.

James Collins Jones, for bankrupt.

Greenwald & Mayer and Furth & Singer, for creditors favoring composition.

Keator & Perkins, for objecting creditor.

J. B. McPHERSON, District Judge. It is very likely that the creditors may lose by the defeat of the proposed composition; but this consideration cannot be allowed to influence the court in deciding whether the bankrupt has been "guilty of any of the acts, or failed to perform any of the duties, which would be a bar to his discharge." Bankr. Act July 1, 1898, c. 541, § 12, cl. "d" [U. S. Comp. St. 1901, p. 3427]. I agree with the learned referee that the testimony establishes the fact

satisfactorily that the bankrupt has committed one of the offenses specified in section 14, cl. "b." He has, "with fraudulent intent to conceal his true financial condition and in contemplation of bankruptcy, destroyed, concealed or failed to keep books of account or records from which his true condition might be ascertained." This being so, I think the act requires me to refuse approval of the composition, without regard to the question whether the creditors would be benefited thereby; and the fact that only one creditor is actively objecting, while a large majority is in favor of taking what the bankrupt offers, is of no importance in the present inquiry.

The report of the referee is approved, and the confirmation of the composition is refused.