## In re COMSTOCK.

(District Court, D. Rhode Island.   June 24, 1907.)

### No. 624.

1. BANKRUPTCY—COMPOSITION—CONFIRMATION—FRAUD.

Under Bankr. Act July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3427], § 12d, providing that a composition shall be confirmed if the judge is satisfied that it is for the best interests of creditors, and that the bankrupt has not been guilty of any act which would bar his discharge, a composition cannot be sustained where it is proved by the holder of an assigned claim against the bankrupt that he had been guilty of fraudulent concealment and disposal of assets of great value, though it appears that the creditors under the composition might get a larger dividend than would be secured on full administration.

2. SAME—OBJECTING CREDITOR—MOTIVE.

Where the holder of an assigned claim against a bankrupt objected to confirmation of a composition because of fraudulent concealment and disposal of assets by the bankrupt, it was immaterial that the holder of such claim purchased it for the purpose of forcing a settlement or discontinuance of a suit instituted by the trustee against another, by threats of opposition to the confirmation.

In Bankruptcy.

J. Jerome Hahn, for bankrupt.
Adoniram J. Cushing, for objecting creditor.

BROWN, District Judge.   The bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3427], in section 12d, provides:

"The judge shall confirm a composition if satisfied that (1) it is for the best interests of the creditors; (2) the bankrupt has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to his discharge; and (3) the offer and its acceptance are in good faith and have not been made or procured except as herein provided, or by any means, promises, or acts herein forbidden."

It is clear that, if the bankrupt has been guilty of any of the acts which would be a bar to a discharge, the court is without power to confirm a composition, even if satisfied that it would be for the best interests of the creditors to do so. Since the confirmation of a composition discharges the bankrupt (section 14c), it is reasonable that the same grounds which prevent a discharge on a direct petition should also prevent a discharge on an application for confirmation of a composition. "The intention clearly is to prevent one who cannot get a discharge from securing its equivalent through a composition." Collier on Bankruptcy (6th Ed.) p. 167. Judge McPherson said, in Re Godwin (D. C.) 122 Fed. 111:

"It is very likely that the creditors may lose by the defeat of the proposed composition; but this consideration cannot be allowed to influence the court in deciding whether the bankrupt has been 'guilty of any of the acts, or failed to perform any of the duties, which would be a bar to his discharge.' * * * The fact that only one creditor is actively objecting, while a large majority is in favor of taking what the bankrupt offers, is of no importance in the present inquiry."

This may be regarded as working in some cases a hardship to creditors, since a fraudulent bankrupt will often pay a dividend larger than may be secured upon full administration, and since it may be more profitable to condone fraud than to expose and punish it. But the policy of the act, that a fraudulent bankrupt shall be denied a discharge even if creditors lose thereby, is sound if the question of bankruptcy administration be broadly considered. A general readiness of creditors to condone fraud, and to accept compromises which yield profit to bankrupts, is a chief encouragement to schemes of fraudulent bankruptcy. To permit even a single creditor to defeat it tends to make such a scheme more difficult of fulfillment, and thus to discourage it.

The proof shows clearly that this bankrupt is not entitled to a discharge. Enough appears from his own testimony to show the concealment and secret disposal of goods of the value of many thousands of dollars, and the testimony of other witnesses is sufficient to establish this independently. There is no reasonable explanation for the confusion and insufficiency of the bankrupt's accounts, for the carting of goods from place to place, and their concealment in out of the way buildings, where goods would not be stored for legitimate commercial purposes, for his assignment of book accounts, or for his absence at the time of his failure. His entire course of conduct is consistent only with an intent to keep his creditors and his trustee in ignorance, and to defraud them by a concealment of his assets. At the hearing, the trustee and counsel for creditors learned for the first time of the secret shipment to New York, and of the secret sale of goods of the value, at ordinary prices, of about $12,000.

Objection is made to the status of the single objecting creditor, on the ground that the confirmation is opposed, not by an original creditor, but by an assignee, who is said to have bought the claim for the purpose of forcing a settlement or discontinuance of a suit instituted by the trustee against one Peck, through threats of opposition to the confirmation. There is reason to believe that this may be the fact,

and that the objector, in procuring an assignment of a claim and in filing objections, had another motive than the securing of a dividend larger than the amount offered in composition. The assignee of an original claim, however, has all the legal rights of his assignor. Shropshire, Woodliff & Co. v. Bush, 204 U. S. 186, 27 Sup. Ct. 178, 51 L. Ed. 436. In pursuing his objections to this composition, he is acting within his legal rights. That he had ulterior or improper motives in acquiring the claim, or that he may have contemplated the use of it for extortion, is not improbable; but is this material? By pursuing his objections before the judge, he has put it out of his power to coerce the bankrupt or the trustee by threats of objecting to the composition. He is now exercising the rights of a creditor for a legitimate purpose, and to inform the court that facts exist which deprive this bankrupt of the right to a discharge.

The Circuit Court of Appeals for the Second Circuit, in Re Sully, 152 Fed. 619, 621, said: "The element of motive cannot prejudice the assertion of a clear legal right or statutory privilege." This was said concerning present or existing motives. The motive of extortion, referred to in the present case, is a past and nonexistent motive, for when the objecting creditor decided to proceed before the judge, and produce complete evidence of fraud, he necessarily abandoned any attempt to secure a price for his silence or for his consent to the approval of the composition.

The application for confirmation of the composition is denied.