In re GOLDSTEIN.

(District Court, D. Connecticut.    April 18, 1914.)

No. 3324.

1. BANKRUPTCY (§ 377*)—COMPOSITION—REQUISITES—ACCEPTANCE—MAJORITY OF CREDITORS.

Under Bankr. Act July 1, 1898, c. 541, § 12b, 30 Stat. 549 (U. S. Comp. St. 1901, p. 3427), providing that an application for the confirmation of a composition may be filed after it has been accepted in writing by a majority in number of all creditors whose claims have been allowed, which number must represent a majority in amount of such claims, etc., a proposition for composition must be accepted in writing by a majority of the bankrupt's creditors, both in number and amount, before the court can order confirmation.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 586–588; Dec. Dig. § 377.*]

2. BANKRUPTCY (§ 377*)—COMPOSITION—CONFIRMATION.

Where a proposed composition between a bankrupt and his creditors has not been assented to by a majority, both in number and amount, of the bankrupt's creditors, the court cannot compel those who have not consented to accept the proposition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 586–588; Dec. Dig. § 377.*]

3. BANKRUPTCY (§ 382*)—PROPOSED COMPOSITION—BEST INTERESTS OF CREDITORS—BURDEN OF PROOF.

It is only after a proposed composition has been assented to by a majority of the bankrupt's creditors, both in number and amount, that it becomes prima facie evidence that the composition is for the best interests of all creditors and the burden is imposed on the minority to show the contrary.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 592; Dec. Dig. § 382.*]

In Bankruptcy.    In the matter of bankruptcy proceedings of Sarah Horwitz Goldstein.    On appeal from a recommendation of a special master that a composition be not confirmed.    Report sustained.

I. Henry Mag, of Meriden, Conn., for petitioning creditors.
Patrick T. O'Brien, of Meriden, Conn., for respondent.

THOMAS, District Judge.    This case comes before the court on an appeal from the report of the special master recommending that a composition of 35 per cent. be not confirmed on the ground that a majority in number of creditors and a majority in amount oppose it, and because the written statement signed by the bankrupt prior to bankruptcy was not an accurate statement of her financial condition.

The petitioner was adjudicated a bankrupt on the 29th of January, 1914, and on the 21st of February, 1914, filed a petition with the master for the confirmation of a composition of 35 per cent.    On the 11th of April, 1913, the petitioner signed a statement representing herself as solvent, but no evidence appeared before the master proving or tending to prove that she was at the time of making or signing such a statement in fact insolvent.    There were 34 claims filed and allowed, representing a total indebtedness of $5,500.    Of these, ten favor the

acceptance of the composition, and eleven oppose it. Slightly more than one-half in amount oppose the composition.

After a full hearing had, the master finds from the evidence as follows:

"In my judgment the estate in bankruptcy will not pay more than 35 per cent.," and, "while I think it would be for the best interest of the creditors that the composition be confirmed, I feel obliged to recommend that it be not confirmed, on the ground of the number and amount of creditors opposing it, and especially of the written statements signed by the bankrupt."

The only question here presented is whether the court can order the creditors to accept the composition offered, in view of the number and character of the objectors.

[1] Any proposition of settlement which is made by a bankrupt to his creditors must first be accepted in writing by a majority of them, both in number and amount, before the court can order a confirmation of such offer. In re Rider (D. C.) 96 Fed. 808.

The underlying principle which seems to govern cases of this kind is that the court cannot compel a debtor to accept less than his claim and thus deprive him of the right to take any action looking to the securing of the balance thereof, as it is near the border line where a man is deprived of his property without due compensation.

[2] A composition is permitted by the bankruptcy law only in such a case as shows that the bankrupt has fully complied with all the requirements of section 12 of the Bankruptcy Act. Therefore as this case does not disclose a complete compliance therewith, those of her creditors who have not consented to accept her proposition cannot be compelled to do so by the court. In re Godwin (D. C.) 122 Fed. 111.

In Collier on Bankruptcy (9th Ed.) 298, the author says:

"The intention clearly is to prevent one who could not otherwise get a discharge from securing its equivalent through a composition offer." In re Comstock (C. C.) 154 Fed. 747.

Judge McPherson in the Eastern District of Pennsylvania in the Godwin Case said:

"It is very likely that the creditors may lose by the defeat of the proposed composition; but this consideration cannot be allowed to influence the court in deciding whether the bankrupt has" complied with all the conditions necessary to obtain a confirmation. In re Godwin (D. C.) 122 Fed. 111.

In the ninth edition of Collier on Bankruptcy, p. 288, concerning the construction which should be given to section 12 of the Act of 1898, the text states the rule as follows:

"Since it is in derogation of the common law and compels any dissenting creditor to accept the percentage accepted by the majority and deprives them of their remedies on the balance thereafter this section is strictly construed."

And the principle underlying the statement in the text is upheld by the cases. Broadway Trust Co. v. Manheim, 47 Misc. Rep. 415, 95 N. Y. Supp. 93, 14 Am. Bankr. Rep. 122; In re Rider (D. C.) 96 Fed. 808.

[3] Had a majority of the creditors in this case accepted the bankrupt's offer in writing, and then requested the court to confirm the composition settlement, it would then have been necessary for the

dissenting minority to show substantial reasons why the court should not order its confirmation, as the mere approval by a majority of the creditors would in fact, and of itself alone, be prima facie evidence that the composition offer was for the best interests of all creditors (In re Barde [D. C.] 207 Fed. 654), and then it would have been the duty of the court to order the confirmation, unless the minority objectors had sustained the burden of proof, which would then have been cast upon them to show either that it was not for the best interests of the creditors, or some other clear and valid reason why the court should not confirm it. In re McLellan (D. C.) 204 Fed. 483; In re Schaffer (D. C.) 169 Fed. 726; Union Furn. Co. v. Walker-Cooley Furn. Co. (D. C.) 206 Fed. 217.

Even in such a case it would be the duty of the court to ascertain all of the facts, and the court would first have to be fully satisfied that the bankrupt came clearly within the provisions of section 12 of the act, before a confirmation could be ordered.

Let an order be entered sustaining the report of the special master and denying the petition for confirmation of composition.

Decree accordingly.