FARMERS' LOAN & TRUST CO. v. COUNCIL BLUFFS GAS & ELECTRIC LIGHT CO.

(Circuit Court, S. D. Iowa, W. D. December 22, 1898.)

No. 337.

1. INTERNAL REVENUE STAMPS—DEED BY MASTER.

The fact that a conveyance is made by a master commissioner under a decree of foreclosure in which the priority of liens is considered and settled, and after competitive sale, does not affect the requirement that the instrument, being a "conveyance of realty," under Schedule A of the revenue law (Laws 55th Cong. 2d Sess. c. 448), shall have the required revenue stamps affixed, to be receivable for record.

2. SAME—EXEMPTIONS.

The exemption of checks, drawn by the clerk of the district court on funds held by the court, from the requirement as to revenue stamps, cannot be extended to a deed executed by the master commissioner, although the property conveyed in the deed has been in the hands of a receiver under the order and direction of the court.

3. SAME—EXPENSES.

The revenue stamps required to be affixed to a conveyance of realty may be paid for, as expenses, out of the funds in the hands of the receiver, when the conveyance is by a master under decree and sale.

Harl & McCabe, for rule.

W. M. Shepard, pro se.

WOOLSON, District Judge. The facts leading up to the rule herein issued are as follows: Upon application, duly presented, this court appointed a receiver in foreclosure proceedings herein pending at the instance of the trustee in the matter of a trust deed given by the Council Bluffs Gas & Electric Light Company upon the property and plant of said company, situated in said city of Council Bluffs. Decree was entered ordering sale of said plant and property, and the matter proceeded to sale, the report of sale of the master commissioner was confirmed, and deed ordered thereon. The bid was about $288,-000. Upon presentation to him, to be recorded, of the master's said deed, the county recorder of Pottawattamie county, Iowa, refused to accept same, or to file same for record, for the reason, as assigned by him, that such deed did not have affixed thereto the revenue stamps required by the internal revenue statute relating thereto. On application of said master and the grantee in said master's deed, a rule pro forma was issued on said county recorder to show cause why he should not file and record said master's deed without the same having affixed thereto such revenue stamps. The recorder has made his return, stating that, under the provisions of the statute relating to internal revenue, the master's deed, being an instrument whereby realty, etc., is granted and transferred, cannot by him be filed or recorded un-

til the same has affixed thereto revenue stamps to the amount as in said statute provided, and that he now is, and always has been, ready and willing to file and record said deed when thus duly stamped in accordance with said statute. The statute above referred to is chapter 448, Laws 55th Cong., 2d Sess., and is found on page 448 of the statutes of that session. Section 15 (page 455) is as follows:

Sec. 15. That it shall not be lawful to record or register any instrument, paper or document required by law to be stamped unless a stamp or stamps of the proper amount shall have been affixed and cancelled in the manner prescribed by law; and the record, registry or transfer of any such instruments upon which the proper stamp or stamps aforesaid shall not have been affixed or cancelled as aforesaid shall not be used in evidence.

Under Schedule A is given (page 460) the following, as to the amount of stamps required on conveyances:

Conveyance: Deed, instrument or writing, whereby any lands, tenements or other realty sold shall be granted, assigned, transferred or otherwise conveyed to, or vested in, the purchaser or purchasers, or any other person or persons, by his, her or their direction, when the consideration or value exceeds one hundred dollars and does not exceed five hundred dollars, fifty cents; and for each additional five hundred dollars or fractional part thereof in excess of five hundred dollars, fifty cents.

There appears in the statute no provision expressly exempting masters' deeds from the requirements as to stamping conveyances. That the master's deed above described is a "writing, whereby * * * realty sold" is granted and transferred to the purchaser, is conceded. But it is claimed that said deed is exempt from the provisions of this statute, because the same conveys property which was at the date of such conveyance in the possession and control of this court (that is, the receiver of this court), and said deed is, by order of this court, made by one of its officers, viz. the standing master in chancery, and that, therefore, this statute, in so far as it requires that revenue stamps shall be affixed to said deed, is obstructing the administration of justice, and cannot be upheld. If taken in its full meaning, the position here assumed, against the application to the present case of the statute just quoted, would make wholly unnecessary the stamping of sheriffs' and marshals' deeds, as well as those of masters and commissioners appointed by the court. I can scarcely believe that congress intended such deeds should be thus exempt, and I strongly hesitate to adopt a construction which must effect such a result, and such a loss of revenue. The contention extends further, and to the effect that since this statute has been held not to apply, as to its requirements as to stamping checks, to checks drawn by the clerk of this court upon money in the registry of the court, the same construction must apply to deeds made, under the order of the court, by one of its officers. In my judgment, this latter contention is not well founded. When money is paid into the registry of the court, the person so paying the same has thereafter no title or claim to such money, save as the order of court may subsequently otherwise determine. The possession and right of possession is in the court, or its officer, receiving such money. It is held for the benefit of such persons as may be found entitled thereto. And the practice and rules of the court require that it shall be paid out only on the order of the

court, which is in part, at least, evidenced by the countersigning of the check by the judge. This order is, in effect, the paying out by the court of money or funds held by the court. Not so, however, as to lands upon which the decree of the court operates. The title to the land remains in the grantor in the trust deed until such title passes by means of the master's deed. Neither the court, nor its master in chancery, in any true sense, has such title. The deed of the master, under the decree, is merely the instrument which the law uses to pass the title from the grantor in the trust deed to the purchaser at the sale. Save as the decree may operate to devest liens and the like, the master's deed passes no greater title than would have passed had such grantor himself made such conveyance directly to such purchaser. And if, in the latter case, the statute validly requires that the conveyance be properly stamped, it would seem that the master's deed, accomplishing the same purpose, must be stamped, unless very strong grounds are shown to the contrary. That congress had the constitutional right to enact the statute in its general provisions was conceded on the argument. The cases cited by counsel, under former statutes, relating to the affixing of revenue stamps, are not found to be applicable here. The cases so cited relate to processes of court, and like proceedings. In this respect a manifest difference exists between the facts involved in the former and those in the present statute. In the present case the instrument is a writing conveying realty,—transferring title. The Iowa case cited (City of Muscatine v. Sterneman, 30 Iowa, 526) related to the stamping of a bond. And the statute was there upheld. Under the present statute the duty of placing stamps on a conveyance appears to be upon the grantor. See section 9. If the United States were grantor, there would be strong reason for holding that the act did not contemplate that the government should be required to thus stamp its own conveyance. But, as we have seen, the deed in question is not a conveyance by the government. It does not purport to, nor does it, convey any title, interest, or right held by the government. It only conveys the title and interest of the grantor in the trust deed. The sale and conveyance are not for the benefit of the government, but for the benefit of the grantees in the trust deed, and, if not of them, then surely of the purchaser at the master's sale. If A. files in this court his bill to compel B. to perform his contract to convey certain realty, and the suit progresses to decree sustaining the bill, and in accordance therewith B. executes his conveyance of the realty, I understand counsel to concede that B.'s deed, under the statute in question, must be properly stamped. But if B. does not himself execute the conveyance, as required by the decree, and the master named in the decree executes the conveyance, it does not appear why this deed from the master should not be stamped. The master's deed simply conveys the same right and interest which would have passed by the deed of B. Wherein does the application of this statute materially differ in the case just considered from its application to the case at bar? Here, also, the right and interest passed by the master's deed would have passed by a deed directly from the grantor in the trust deed. That the sale was made through a public sale, with competi-

tive bidding, does not affect the matter under consideration; nor that in the progress of the foreclosure proceeding the priority of liens against the realty was considered and settled. Nor is the application of the statute affected by the fact that a receiver, under order of the court, had been operating and conserving the property. While thus being operated by the receiver the title to the property remained in the grantor in the trust deed, until devested by the deed of the master. That a large amount of stamps is required under the statute does not change the rule to be applied. The underlying principle is the same, whether the revenue stamps are of large or small amount. If such stamps are required to be affixed to the deed, why may not their amounts be properly treated as part of the costs or expenses of the proceeding? What substantial difference, as to being properly costs or expenses, exists between such stamps and the expense of publishing notice of sale, or the like? The law requires publication of such notice. The expense is taxed as costs or expense of sale. And if the evidence of the sale,—the deed,—either in its drafting, execution, or stamping, is attended with expense reasonable in amount, why may not this be properly treated as a like expense? That the amount of stamps is reasonable, we may not question, because the statute fixes such amount. Why may it not be thus treated, and paid as expenses?

Since the submission of the question involved herein, my attention has been called to a decision made by the commissioner of internal revenue (2 Treasury Dec. p. 864), of date November 17, 1898, wherein it is announced that "deeds of masters in chancery are required to be stamped." It thus appears that the conclusion hereinbefore reached is in accord with the construction and practice adopted by the treasury department.

In the present case the payment for the stamps required for the master's deed can be, if necessary, taken from the funds now in the receiver's hands, which have been earned by the property pending foreclosure and sale herein. The rule upon the county recorder of Pottawattamie county, Iowa, must be discharged, and it is so ordered.