CRAWFORD v. NEW SOUTH FARM & HOME CO.

(District Court, S. D. Florida.   October 7, 1915.)

1. INTERNAL REVENUE ☜19(1)—STAMP TAX—JUDICIAL SALES.

Under Revenue Act Oct. 22, 1914, c. 331, § 22, Schedule A, 38 Stat. 762, imposing a stamp tax on all conveyances, deeds, instruments, or writings whereby lands are conveyed, revenue stamps of the proper amount must be attached to a deed executed by a master in chancery or other court officer empowered by a federal court to make a sale of land and execute a conveyance, as a master appointed for such purpose performs no judicial function, and the tax is not imposed on a proceeding by the court but on the litigants.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 39, 40; Dec. Dig. ☜19(1).]

2. COSTS ☜193—DISBURSEMENTS—STAMP TAX.

The cost of internal revenue stamps attached to a deed executed by a master in chancery empowered to make a sale of land and execute a conveyance will be taxed as a part of the costs of the case.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 656; Dec. Dig. ☜193.]

In Equity. Suit by William Crawford, as trustee, against the New South Farm & Home Company. On master's request for instructions. Master instructed in accordance with the opinion.

Rushmore, Bisbee & Stern, of New York City, and Bisbee & Bedell, of Jacksonville, Fla., for complainant.

H. L. Anderson, of Jacksonville, Fla., for defendant.

CALL, District Judge. This matter comes before me upon the report of the special master heretofore appointed herein, asking for instructions as to whether: (1) Documentary revenue stamps should be attached to the master's deed made pursuant to decree of this court; and (2) if such stamps should be attached, then what amount?

---

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] Schedule A of the Revenue Act of 1914 (Act Oct. 22, 1914, c. 331, § 22, 38 Stat. 762) contains the following:

"*Conveyance.* Deed, instrument, or writing, whereby any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or purchasers, * * * when the consideration or value of the interest or property conveyed, exclusive of the value of any lien or incumbrance thereon, exceeds $100.00 and does not exceed $500.00, 50 cents; and for each additional $500.00 or fractional part thereof in excess of $500.00, 50 cents," etc.

This language is amply broad enough to cover master's deeds, or in fact any deed to land made pursuant to an order of court by an officer duly authorized, unless there is some reason inherent in the office of a special master in chancery or other court officer empowered to make the sale and sign the conveyance, which prevents the operation of the act.

I have been referred to the case of Stirneman v. Smith, 100 Fed. 602, 40 C. C. A. 581, as shedding some light on this subject. In that case (the certificate of a notary public as to depositions) the court does use language comparing a notary public performing such duties to a "referee," "examiner," or "master in chancery," "whose functions are clearly judicial."

I have also been referred to Farmers' Loan & Trust Co. v. Council Bluffs Gas & Electric Light Co. (C. C.) 90 Fed. 806, where the very point now before me was adjudicated.

The language of the act of 1914, in so far as the question now being considered, is identical with the act before the court in the last-mentioned case. And the court there held that such deed required the proper stamps to be affixed.

As I read the various cases deciding questions relating to the taxing acts passed by the Congress, the test seems to be whether the act involves the performance of a judicial duty, such as the certificate of the notary to the depositions, etc., or is a mere ministerial act. Now it does not appear that a special master appointed to make a sale of property and execute a conveyance to same is performing any judicial function under order of the court. But, it is said, it is the court making the sale and conveying the property through its master. Would Congress have a right to tax a proceeding by this court? Is this such taxation, or is it not a taxation on the litigants? The title sold and conveyed is the title of the defendant, in the action, not the title held by the court or its officer. By the master's deed only the title possessed by the defendant is conveyed. Instead of the defendant actually making the deed (in which case stamps would clearly have to be affixed), his title is conveyed through the master to the purchaser at the foreclosure sale. On principle I cannot see that this should make the stamps requirement of the act inapplicable to master's deeds.

[2] The amount of such stamps is 50 cents for the first $500, and 50 cents for each additional $500 of the consideration, and can be readily arrived at by a computation. The cost of said stamps will be taxed as a part of the costs of this case.

Reference was made in argument to a decision on this question by the state court. I presume the ground of decision in that case was

that it was in effect taxing the proceedings of the state court, and to that extent an invasion of the state sovereignty. That question cannot arise as to the proceedings of this court.

The master will attach the proper amount of stamps to the deed in question, and include such amount in his report to the court.