[L. A. No. 17737. In Bank. Dec. 5, 1941.]

FIFTH STREET BUILDING (a Corporation), Respondent, v. CHARLES J. McCOLGAN, as Franchise Tax Commissioner, etc., Appellant.

Earl Warren, Attorney General, and H. H. Linney and Valentine Brookes, Deputies Attorney General, for Appellant.

Flint & Mackay and Clark J. Milliron for Respondent.

TRAYNOR, J.—On December 30, 1934, Walkers' Inc., a domestic corporation doing business in California, filed a voluntary petition in bankruptcy in the District Court of the United States, Southern District of California. It was adjudicated a bankrupt, and a trustee in bankruptcy was appointed who carried on the business from December 31, 1934, until about July 26, 1938. On March 9, 1937, the trustee filed a franchise tax return under the Bank and Corporation Franchise Tax Act (Stats. 1929, p. 19, as amended by Stats. 1935, pp. 959, 995, 1245, Deering's Gen. Laws, 1937, Act 8488), and paid a franchise tax of $4,764.17 for the taxable year 1937. In 1938 Walkers' Inc. was discharged from bankruptcy. The trustee filed a claim, which was denied, for the refund of the 1937 franchise tax. By an order of the federal court plaintiff, Fifth Street Building, became the assignee of the claim for refund and brought suit for the recovery of the tax paid by the trustee. Both the plaintiff and defendant filed motions for judgment on the pleadings, and judgment was entered in favor of the plaintiff for the refund of the tax in question. From that judgment defendant has taken this appeal.

Plaintiff contends that the trustee in bankruptcy was not subject to the Bank and Corporation Franchise Tax Act, which imposes a tax on corporations doing business in the state for the privilege of exercising their corporate franchises therein. In plaintiff's view the corporation's franchise did not pass to the trustee but he carried on the business as an individual, immune from the taxes applicable solely to corporations.

This contention would revive an issue, once highly controversial, laid at rest by an Act of Congress of June 18, 1934, 28 U. S. C. A. § 124a. (See *United States* v. *Whitridge*, 231 U. S. 144 [34 Sup. Ct. 24, 58 L. Ed. 159]; *Michigan* v. *Michigan Trust Co.*, 286 U. S. 334 [52 Sup. Ct. 512, 76 L. Ed. 1136]; *Reinecke* v. *Gardner*, 277 U. S. 239 [48 Sup. Ct. 472, 72 L. Ed. 866]; *Bright* v. *State of Arkansas*, 249 Fed. 950, 162 C. C. A. 148; *Kansas City* v. *Johnson*, 70 Fed. (2d) 360;

*In re Continental Candy Co.*, 291 Fed. 773; *In re Century Silk Mills, Inc.*, 12 Fed. (2d) 292.) The Act of Congress provides:

"Any receiver, liquidator, referee, trustee, or other officers or agents appointed by any United States court who is authorized by said court to conduct any business, or who does conduct any business shall, from and after June 18, 1934, be subject to all State and local taxes applicable to such business the same as if such business were conducted by an individual or corporation."

This language envisages precisely such situations as the present one. The trustee, appointed after June 18, 1934, by a United States court, conducted the business theretofore carried on by Walkers' Inc., then subject to the franchise tax as it would have continued to be had it not gone into bankruptcy. The Act of Congress makes it clear that the appointment of a trustee in bankruptcy by a federal court does not relieve a business of the state and local taxes to which it is normally subject. "What Congress intended was that a business in receivership or conducted under court order, should be subject to the same tax liability as the owner would have been if in possession and operating the enterprise." (*Palmer* v. *Webster & Atlas Nat. Bank* v. *Boston,* 312 U. S. 156 [61 Sup. Ct. 542, 545, 85 L. Ed. 642]; see also, *Philadelphia Co. et al.* v. *Dipple,* 312 U. S. 168 [61 Sup. Ct. 538, 85 L. Ed. 651]; *Boteler* v. *Ingels,* 308 U. S. 57 [60 Sup. Ct. 29, 84 L. Ed. 78]; *Thompson* v. *Louisiana,* 98 Fed. (2d) 108; *In re Vicksburg Bridge & Terminal Co.,* 24 Fed. Supp. 123; *International Shoe Co.* v. *Picard & Geismar,* 30 Fed. Supp. 570; *In re Kentucky Fuel Gas Corp.,* 37 Fed. Supp. 625; *The Southern Cross,* 120 Fed. (2d) 466.)

It was settled in *Boteler* v. *Ingels, supra,* not only that a trustee in bankruptcy comes within the meaning of the Act of Congress and cannot therefore escape the applicability of a state tax, but that the trusteeship can in no way militate against the effective enforcement of the tax. In that case a trustee in bankruptcy operated automobiles on the California highways without obtaining the licenses required by California laws or paying the state automobile license tax. The court upheld a penalty of 100 per cent, stating:

" . . . Congress has here with vigor and clarity declared that a trustee and other court appointees who operate businesses must do so subject to state taxes 'the same as if such business(es) were conducted by an individual or corporation.' If businesses in California not conducted by a bankruptcy trustee are delinquent in the fees, they must pay the penalty . . . petitioner's contention would exempt a trustee operating a business in bankruptcy from this double tax liability which other delinquents must bear. A state would thus be accorded the theoretical privilege of taxing businesses operated by trustees in bankruptcy on an equal footing with all other businesses, but would be denied the traditional and almost universal method of enforcing prompt payment.''

There is no need to amend the Bank and Corporation Franchise Tax Act to specify that a trustee in bankruptcy conducting the business of a corporation shall be subject to the tax as if he were a corporation in order to insure that an intervening bankruptcy will not interrupt the application of the tax. (*Thompson* v. *Louisiana, supra*.) The Act of Congress already provides that state taxes are as applicable to such a business as if it were conducted by a corporation, and thus gives to the trustee the status of a corporation for the purpose of the tax. That status is determined by Congress in the exercise of its plenary authority over the administration of a bankrupt's estate. (*Thompson* v. *Louisiana, supra; In re Landquist,* 70 Fed. (2d) 929.) Congress creates the trusteeship, fixes the conditions of its existence and may provide, as in the Act of 1934, that a trustee be regarded as of such a nature as to come within the range of state tax laws.

Plaintiff's complaint therefore does not state a cause of action and since amendment could be of no avail the judgment is reversed with instructions to enter judgment on the pleadings for the defendant.

Gibson, C. J., Shenk, J., Curtis,. J., Edmonds, J., Houser, J., and Carter, J., concurred.

Respondent's petition for a rehearing was denied December 31, 1941.