**ENDLER v. UNITED STATES.**

Civ. No. 17-50.

United States District Court
D. New Jersey.

Feb. 16, 1953.

Harry Schaffer, Newark, N. J., for plaintiff.

Grover C. Richman, Jr., U. S. Atty., Newark, N. J., by Edward V. Ryan, Asst. U. S. Atty., Jersey City, N. J., for defendant.

HARTSHORNE, District Judge.

This case is submitted on stipulated facts and briefs. The question here is whether the purchaser of real estate from the United States is liable for documentary stamp taxes on a deed from the United States under the provisions of the Internal Revenue Code.

Plaintiff Endler, in 1947, purchased from the defendant United States the old Post Office and Court House site at Louisville, Kentucky, for a price in excess of $1,000,-000.00, the Government delivering its deed to him therefor. The Government required Endler to pay to the Collector of Internal Revenue $1,943.85, the cost of U. S. documentary stamp taxes, which the Government insisted be affixed to such deed. Endler claimed refund therefor, and on the rejection of such claim, brought the present suit.

The statutes presently involved provide as to the imposition of the tax that

"There shall be levied, collected, and paid, for and in respect of the several bonds and other documents, instruments, matters, and things mentioned and described in sections 3481 and 3482, or for or in respect of the vellum, parchment, or paper upon which such instruments, matters, or things, or any of them, are written or printed, the several taxes specified in such sections." 26 U.S.C. § 3480 (1946).

Section 3482, there alluded to, covers

"Deed, instrument or writing * * * whereby any * * * realty sold shall be * * * conveyed to, or vested in, the purchaser or purchasers, or any other person or persons, by his, her, or their direction * * *." (then follow the rates of tax) 26 U.S.C. § 3482 (1946), as amended by Sections 505 and 521(a) (24), Revenue Act 1941, chapter 412, 55 Stat. 687.

By Section 3483 it is provided that Section 1809 of chapter 11 of Title 26 shall apply to the taxes imposed by the above provisions. 26 U.S.C. § 3483 (1946).

By Section 1809 of the Internal Revenue Code, it is provided as to the payment of tax that

"The tax imposed by this chapter shall be paid by any person who makes, signs, issues, sells, removes, consigns, or ships any of the documents [including deeds] * * * or for whose use or benefit the same are made, signed, issued, sold, removed, consigned, or shipped. The United States * * * shall not be liable for the tax with respect to an instrument to which it is a party, and affixing of stamps thereby shall not be deemed payment for the tax, which may be collected by assessment from any other party liable therefor." 26 U.S.C. § 1809 (1946), as amended by Sec. 506(f), Revenue Act 1942, chapter 619, 56 Stat. 798.

Except for the last sentence of Section 1809, supra, referring specifically to the United States, the substance of the above provisions were incorporated in the earlier Revenue Acts, at least as far back as the

Revenue Act of 1898, or more specifically, in separate chapters of same.[1] But it would simply confuse to make more detailed reference thereto. Each of these separate chapters refers in its own provisions, so far as pertinent hereto, to the other chapter, so they must all be read in pari materia.

Since Section 1809, supra, in its last sentence makes it clear that the United States, as a party to a deed, is not liable for the tax, the specific question is whether the above provisions render plaintiff Endler, the grantee of the United States, liable therefor, as such grantee.

As bearing upon this question, it should be further noted that in 1941, the year before the provision was inserted in Section 1809 to the effect that the United States should not be liable for the tax, the new Treasury Regulations provided in regard thereto that

"The tax is payable by any of the parties to a taxable transaction. The parties to the transaction may agree among themselves as to which shall pay the tax, but such agreement does not relieve the others from their liability in the event it is not carried out. No provisions, by-laws, or rules of any exchange, and no custom, shall exempt any person from payment of the tax imposed." U.S.Treas.Reg. 71, Sec. 113.2 (1941).

The Treasury Regulations also provided:

"The following are examples where the tax applies: * * * (j) a conveyance of real estate sold to or by the United States of America." U. S. Treas.Reg. 71, Sec. 113.83(j) (1941).

Furthermore, the Senate Report recommending the 1942 amendment of Section 1809, in its above form, and adding such express provision as to the United States, states that such amendment

"is intended to settle questions of stamp tax liability in cases where an agency of the United States is a party to a taxable instrument to which a private

person is also a party. In such situation the subsection holds the private party or parties only liable for the tax. However, it is expedient in some cases for the governmental agency to attach the stamps. To prevent a person (li)-able (sic) to pay the tax from shifting the burden thereof to the Government, it is provided that affixing of stamps by the governmental agency without payment or reimbursement therefor by a party liable for the tax shall not relieve the private party or parties from liability for the tax."

Plaintiff's contention is, in substance, that the above provisions make the grantor only (save the United States) liable for the tax, and that the grantee is never liable for the tax under the statute. Accordingly, the above Treasury Regulations making the tax payable "by any of the parties", including the grantee, and making taxable "a conveyance * * * by the United States", are illegal, as contrary to the terms of the statute. Hence, as to the instant deed, neither party was liable for the tax, it was a non-taxable transaction, and plaintiff is entitled to be refunded the amount claimed.

The Government contends, on the other hand, that the tax is imposed on the "instruments" themselves "in respect of the vellum, parchment, or paper upon which such instruments * * * are written or printed". Section 3480, supra. That in describing the deeds to be taxed it is the grantee, "the purchaser", who is specifically mentioned. Section 3482, supra. And finally, that in Section 1809, supra, it is not only the "person who makes" etc. the instrument, but the "person * * * for whose use or benefit the same are made" etc. upon whom "the tax [is] imposed". Thus, defendant United States claims the above Treasury Regulation is not contrary to, but in accord with the provisions of the statute, in making the tax "payable by any of the parties", save the United States.

1. See Revenue Act of 1918, Sec. 1100 et seq., 40 Stat. 1057, Revenue Act of 1921, Sec. 1100 et seq., 42 Stat. 227, Revenue Act of 1924, Sec. 800 et seq., 43 Stat. 253, Revenue Act of 1926, Sec. 800 et seq., 44 Stat. 9, Revenue Act of 1932, Sec. 725, 47 Stat. 275, Revenue Act of 1939, Secs. 3480, 3482, 3483, Secs. 1808, 1809, 53 Stat. 1.

In the face of these conflicting contentions as to the meaning of these statutes, we turn to the underlying purpose and theory of their enactment. The clear purpose was to raise revenue. Again, Congress intended to make sure that, save as to certain specifically exempted situations, this revenue should be certain and inescapable. This the Congress made doubly clear. For it provided, by Section 1809, supra, that "the tax * * * shall be paid by any person who makes * * * any of the documents [including deeds] * * * or for whose use or benefit the same are made * * *." The person who "makes" the deed is obviously the vendor. Further, the person "for whose use or benefit" the deed is made means the vendee. Referring thereto, in Home Title Insurance Company of New York v. Keith, D.C.E.D.N.Y.1916, 230 F. 905, 907, the Court, in holding that the purchaser of property was liable for the stamp tax on the deed, said "The transfer of title and the paper evidencing that transfer is issued for the use and benefit of the person who gets the title." To the same effect, are Farmers' Loan & Trust Co. v. Council Bluffs Gas & Electric Light Co., C.C.Iowa 1898, 90 F. 806; Crawford v. New South Farm & Home Co., D.C., S.D.Fla.1915, 231 F. 999. Furthermore, by Section 3480, supra, the tax is to be "levied, collected, and paid, for and in respect of the * * * documents * * * or for or in respect of the vellum, parchment, or paper upon which such instruments * * * are written or printed * * *." In other words, in general the tax is imposed not on the person, but on the transaction itself, regardless of the person.

Indeed, this tax on the transaction of transferring title by mere paper has an interesting historical background. For in ancient England, whence our law springs, originally a paper, vellum or parchment transfer of title was unknown, the only way one could transfer a freehold then being a feoffment by livery of seisin. This, in turn, required the feoffor and feoffee to go upon the land, whereupon the feoffor delivered to the feoffee a clod of earth from the land. 2 Bla.Com. 315. This ceremony at earliest common law constituted the conveyance of real estate. Thereafter, the sovereign authority of England, operating through the Parliament and its courts, enabled a conveyance of land to be accomplished by the much simpler method of the execution of a paper or parchment deed. In return for the aid of the sovereign authority in thus simplifying conveyancing, the sovereign was of course justified in imposing a tax, the American successor of which is the stamp tax in question.

Such being the character of the tax—one upon the transaction itself, payable by either vendor or purchaser—we are not surprised to find that, in support of plaintiff's argument that the tax is laid solely on the grantor, never on the grantee, plaintiff can muster no definite authority, but only casual dicta. Such is the situation in Berry v. Kavanagh, 6 Cir., 1934, 137 F. 2d 574, where the question of who was to pay the tax was not even in issue; in Murray v. Hoey, D.C.S.D.N.Y.1940, 32 F. Supp. 1008, where the statute in question was not even found applicable; and in Farmers' Loan & Trust Co. v. Council Bluffs Gas & Electric Light Co., supra, where indeed the purchaser was held liable for the tax.

Furthermore, in the last analysis, plaintiff is arguing for a further exemption from the general coverage of this Revenue Act, an exemption not express, but implied. But plaintiff overlooks the fact that the statute has expressly exempted a series of transactions from its otherwise general coverage.[2] Surely, if Congress had intended to exempt a Government deed, it

---

2. Title 26 U.S.C.A. § 1808 "exemptions" cover
   (1) Government and state obligations;
   (2) Bonds of indemnity;
   (3) Stocks and bonds of domestic building and loan associations and mutual ditch or irrigation companies;

   (4) Stocks and bonds of farmers', fruit growers', or cooperative associations;
   (5) Corporate reorganizations and reorganizations of railroads;
   (6) Orders of the securities and exchange commission;
   (7) Common trust funds.

would have been easy to add this to the above list, which includes Government and State "obligations", which a deed is not. Again, in the section on conveyances, 26 U.S.C. § 3482 (1946), a specific exemption is included as to deeds given as security. "Expressio unius est exclusio alterius".

Nor can plaintiff take comfort from the above Senate Report recommending the 1942 amendment of Section 1809, supra. The report shows that such amendment only deals with "a taxable instrument", and the very question here at issue is whether the Government deed is taxable. Obviously, the purpose of the 1942 amendment was solely to prevent a person liable to pay the tax from shifting its burden to the Government.

Finally, even if there were a real doubt as to the meaning of the tax, the earlier doctrine of Gould v. Gould, 1915, 245 U.S. 151, 38 S.Ct. 53, 62 L.Ed. 211, that in tax cases all doubts are to be construed against the Government, is no longer the law. In White v. United States, 1938, 305 U.S. 281, 292, 59 S.Ct. 179, 184, 83 L.Ed. 172, Mr. Justice Stone, speaking for the United States Supreme Court, laid down the modern rule as follows:

> "We are not impressed by the argument that, as the question here decided is doubtful, all doubts should be resolved in favor of the taxpayer. It is the function and duty of courts to resolve doubts. We know of no reason why that function should be abdicated in a tax case more than in any other where the rights of suitors turn on the construction of a statute and it is our duty to decide what that construction fairly should be."

In short, it appears that while the United States itself need not affix, or pay for, tax stamps to a deed in which it is the grantor, the deed itself is taxable, and the grantee, a private person, is liable for such tax.

The facts herein stated and the conclusions of law herein expressed shall be considered the findings of fact and the conclusions of law required by F.R.C.P. 52, 28 U.S.C.

An order for judgment for defendant may therefore be entered.