CONDEMNATION PROCEEDINGS — DOCUMENTARY STAMPS In cases where the State of Oklahoma or one of its agencies acquire real estate by condemnation proceedings, documentary stamps must be placed on the journal entries of judgment transferring said real estate and the tax due is the obligation of the party giving up the property. The Attorney General has had under consideration your letter of August 12, 1970, in which you inquire: "Must the County Clerk collect the Documentary Stamp Tax on judgments entered in condemnation cases? If so, from whom and how should the County Clerk show payment on judgments filed and shown of record?" We assume that in the condemnation cases you refer to the State of Oklahoma or one of its agencies is the party taking the property and our answer is based on that assumption The tax you inquire about is that imposed by 68 O.S. 5101 [68-5101] (1967), which reads: "There is hereby imposed on each deed, instrument, or writing by which any lands, tenements or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to, or vested in the purchaser or purchasers, or any other person or persons, by his or their direction, when the consideration or value of the interest or property conveyed, exclusive of the value of any lien or encumbrance remaining thereon at the time of the sale, exceeds as One Hundred Dollars ($100.00) a tax at the rate of fifty-five cents ($.55) for each Five Hundred Dollars ($500.00) or fractional part thereof." Section 68 O.S. 5102 [68-5102] lists exemptions to the tax and Section 68 O.S. 5103 [68-5103] [68-5103], setting out the persons obligated to pay the tax, reads as follows: "The taxes imposed by Section 1 of this act shall be paid by any person who makes, signs, issues, or sells any of the documents and instruments subject to the taxes imposed by Section 1, or for whose use or benefit the same are made, signed, issued or sold. The State of Oklahoma or any agency or instrumentality thereof shall not be liable for the tax with respect to an instrument to which it is a party, and affixing of stamps thereby shall not be deemed payment for the tax, which may be collected by assessment from any other party liable therefor." You also enclosed a photocopy of a letter from the County Clerk of Garvin County in which she states: "It is the contention of some of the parties involved that the Judgment rendered in a condemnation case is an involuntary taking and is not a 'deed or instrument conveying property' as contemplated by the statutes." and then further: "Who is to pay such tax? The argument has been made to me that the Judgment entered in condemnation actions is not made, signed, issued or sold by the land owner, and it is not made for the use or benefit of the land owner, and therefore, the land owner is not required under said section to pay the stamp tax." The tax under consideration is taken verbatim from the Federal statute, 26 U.S.C.A 4361, so we must look to its history as a Federal law for help. In the Code of Federal Regulations we find a regulation precisely covering the situation. 26 CFR 47:4361-2(a)(5), in part, states: "(a) Conveyances subject to tax. The following are examples of conveyances subject to the tax: "(5) A conveyance of realty by a judgment or decree in a condemnation proceeding under the power of eminent domain, or a conveyance of such property under threat or imminence of such proceeding." The question logically arises as to whether a transfer under a condemnation proceeding is a "sale" of the property. In Berry v. Kauanaugh, 137 F.2d 574
(6th Cir. 1943), the court said: "Usually the word 'sold' means the transfer of title or an agreement to transfer subsequently for a consideration," and then explaining further, the Court advised: "The transfer of title or the agreement to transfer it for a price paid or a promise is the essence of a sale. If such a transfer puts the transferee in the position of an owner and makes him liable to the transferor as a debtor for an agreed price . . . the transaction is a sale." Whether or not the transaction was voluntary is not an issue. The tax will attach if there was a "transfer . . . for a consideration." The purpose of the Federal tax was to raise revenue. This particular tax was under consideration in Endler v. United States 110 F. Supp. 945, 948, (D. N.J. 1953) where we were informed: ". . . we turn to the underlying theory and purpose of their enactment. The clear purpose was to raise revenue. Again, Congress intended to make sure that, save as to certain specifically exempted situations, this revenue should be certain and inescapable." The history of this tax, since it was established in England centuries ago, reveals that it started as a revenue raising measure and has always been such. It must have been intended by our Legislature to be such. Unless it is an exempted transaction the tax will be imposed as set out in the statute. Just a cursory review of Section 5102 where the exemptions are listed indicates that the Legislature pretty conclusively intended that where there is a "transfer of realty . . . for a consideration" involving non-governmental agencies or persons the tax is intended to apply. Therefore it is the opinion of the Attorney General that documentary stamps must be attached to journal entries of judgment in condemnation cases and that in cases where the State of Oklahoma or one of its agencies is the party taking the property the tax must be paid by the party giving up the real estate. (Norman Cannon) ** SEE: OPINION NO. 70-281 (1970) **