RICHARD JOYCE SMITH, trustee, *vs.* STATE TAX COMMISSION. June 15, 1972. The trustees of a railroad debtor in reorganization under § 77 of the Bankruptcy Act (11 U. S. C. § 205 [1964]) conveyed the debtor's assets to a successor company pursuant to a reorganization plan approved by the Interstate Commerce Commission and an order of a United States District Court. The conveyance included numerous parcels of land and interests in land located in Massachusetts, and the excise tax on the deeds under G. L. c. 64D, § 1, was paid. Deed stamps evidencing payment of the tax were affixed to a counterpart of the deed recorded in the Suffolk registry of deeds. The remaining trustee's claim for refund was denied by the State Tax Commission and by the Appellate Tax Board, and he appeals under G. L. c. 58A, § 13. We affirm. The taxpayer was not entitled to an exemption on the ground that "the United States or any of its agencies" was a party to the deeds. G. L. c. 64D, § 1. See *Assessors of Wilmington* v. *Avco Corp.* 357 Mass. 704, 706; *Missouri* v. *Gleick,* 135 F. 2d 134, 136 (8th Cir.); *Farmers' Loan & Trust Co.* v. *Council Bluffs Gas & Elec. Light Co.* 90 Fed. 806, 807–808 (W. D. Iowa); *Crawford* v. *New So. Farm & Home Co.* 231 Fed. 999, 1000 (S. D. Fla.); *Boise Title & Trust Co.* v. *Evans,* 295 Fed. 223, 224 (S. D. Idaho). The trustees, as officers "conducting any business" under the authority of a United States court, were subject to State taxes under 28 U. S. C. § 960 (1964). *Thompson* v. *Louisiana,* 98 F. 2d 108, 111–112 (8th Cir.). *Borock* v. *City of New York,* 268 F. 2d 412, 415–416 (2d Cir.). *Southern Ry.* v. *United States,* 306 F. 2d 119, 126 (5th Cir.). *In re Penn Cent. Transp. Co.* 325 F. Supp. 294, 298 (E. D. Pa.). *Fifth St. Bldg.* v. *McColgan,* 19 Cal. 2d 143, 146. That statute has been held applicable to liquidating trustees. *In re Loehr,* 98 F. Supp. 402, 403 (E. D. Wis.), and cases cited. See *Nicholas* v. *United States,* 384 U. S. 678, 694, n. 28; *United States* v. *Sampsell,* 266 F. 2d 631, 634–635 (9th Cir.), and cases cited; *In re Statmaster Corp.* 332 F. Supp. 1248, 1257–1258, 1261 (S. D. Fla.). If it is not, it has not been shown that the taxpayer here was acting as a liquidating trustee. See *In re New York, N. H. & H. R.R.* 281 F. Supp. 65, 67–69 (D. Conn.).

*Decision affirmed.*

The case was submitted on briefs.

*Owen F. Clarke, Jr., & Morris Raker* for the taxpayer.

*Robert H. Quinn,* Attorney General, *& Daniel J. Johnedis,* Assistant Attorney General, for the State Tax Commission.