RIMM, J.T.C.,
concurring.
I concur with the result in this case before the court for determination by the judges comprising the Tax Court in accordance with R. 8:8-6. The result reached, as expressed in the opinion of Judge Andrew, is dictated by the analysis of the Supreme Court in Fedders Financial Corp. v. Taxation Division Director, 96 N.J. 376, 476 A.2d 741 (1984). However, I am constrained to write this concurring opinion because, although trial court judges may not disregard appellate court determinations, they are free to disagree with them. Reinauer Realty Corp. v. Paramus, 34 N.J. 406, 415, 169 A.2d 814 (1961). I give voice to that disagreement now.
First, the principle that statutes levying taxes should be construed against the government in case of doubt, Gould v. Gould, 245 U.S. 151, 38 S.Ct. 53, 62 L.Ed. 211 (1917), embedded in our law by Kingsley v. Hawthorne Fabrics, 41 N.J. 521, 197 A.2d 673 (1964), should be rejected once and for all. In Endler v. U.S., 110 F.Supp. 945 (D.N.J.1953), referred to in a footnote in the majority opinion in the Fedders case, the district court noted that Gould is no longer the law. The court set forth the modern rule.
We are not impressed by the argument that, as the question here decided is doubtful, all doubts should be resolved in favor of the taxpayer. It is the function and duty of courts to resolve doubts. We know of no reason why that function should be abdicated in a tax case more than in any other where the rights of suitors turn on the construction of a statute and it is our duty to decide what the construction fairly should be. [Id. at 949 (quoting White v. U.S., 305 U.S. 281, 292, 59 S.Ct. 179, 184, 83 L.Ed. 172, 179 (1938))]
*497 Beyond the court’s duty to decide what the construction fairly should be, it is as reasonable to resolve all doubts in tax cases in favor of the government as it is to resolve them against the government. As long as the legislation does not mislead the taxpayer, it should be interpreted in a manner by which, consistent with due process of law, it will raise the most revenue, not the least revenue. In adopting legislation the purpose of which is to raise revenue, the Legislature should be understood as intending to raise as much revenue as possible, not as little revenue as possible.
Second, the result in Fedders overlooks the economic and financial realities of related corporations. There is clearly no basis in the statute, nor in any legislative history, for limiting the definition of “holder” in N.J.S.A. 54:10A-4(d) in the manner in which Fedders did.
The parent, Fedders Corporation, by its holding of the stock of the taxpayer, Fedders Financial Corporation, is, by any realistic definition, also the holder of the stock of Fedders Capital N.V., the subsidiary/creditor of the taxpayer. The value of the assets of Fedders Corporation includes the value of the stock of Fedders Capital N.V., and no one can doubt that, by its control of Fedders Financial Corporation, Fedders Corporation also controls Fedders Capital N.V. Yet, the court defines “holder” as “stockholder,” meaning, of course, the actual registered owner of the stock on the stock register of the corporation. “It is the indebtedness of the taxpaying corporation that must be owed to the stockholder.” Fedders, supra 96 N.J. at 388, 476 A.2d 741; emphasis supplied. But “holder” should have a broad, not a narrow, definition. Debt which is owed in any manner to the controlling corporation should be includable in the tax base under N.J.S.A. 54:10A-4(d). There is no justification for permitting a method used to avoid federal taxes to be used to avoid state taxes.
The dissent in Fedders has the better of the argument. There is
*498 a basic, historical legislative understanding that debts, and the interest paid on debts, between affiliated corporations should be disregarded as deductions in computing the net worth and net income tax bases____
This interpretation is further supported by reason and logic. Ultimate control of the indebtedness is the critical feature the Act is designed to address. Consequently, the provision should apply to debts between subsidiaries. From the standpoint of essential control of the obligation, debts between subsidiaries for these tax purposes are no different from debts between subsidiary and parent. In both instances the parent, through its ownership, can dominate the destiny of the debt within the corporate family regardless of the intercorporate arrangements, understanding, or operations. [Fedders, supra 96 N.J. at 401-402, 476 A.2d 741 (Handler, J., dissenting)]
Absent Fedders, I would include Centex’s obligations in its net worth, and I therefore reluctantly concur.